IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BOBBY L. MAGWOOD,

    Plaintiff,

vs.                                            Case No. 4:14cv286-RH/CAS

MICHAEL D. CREWS,
et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Numerous motions are pending in this case. Defendants filed a comprehensive motion to dismiss, doc. 17, on July 28, 2014. Plaintiff, a pro se prisoner, filed a response to the motion. Doc. 18. Because an Order had not yet been entered advising Plaintiff of his obligation to respond, Plaintiff was given additional time to do so should he desire to file an amended response. Doc. 19. Plaintiff thereafter filed an amended response, doc. 23, on August 25, 2014. That motion is ready for a ruling.

Several other motions are pending in this case. Docs. 24, 26, 30, and 31. Plaintiff has filed two motions for an injunction, docs. 24 and 26, and Defendants filed motions to strike, docs. 30 and 31, Plaintiff's replies to Defendant's responses to Plaintiff's motions. Because those motions will be moot if the motion to dismiss is granted, the motion to dismiss, doc. 17, is considered first.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at 556); *see also* Speaker v. U.S. Dept. of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 127 S.Ct. at 1966).  The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  556 U.S. at 678, 129 S.Ct. at 1949.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' "  Id. (quoting Twombly,  550 U.S., at 555, 127 S.Ct. 1955).

   Courts should take a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6).  Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950.  The first consideration is whether the complaint presents "well-pleaded factual allegations"which are entitled to a presumption of truth or, whether, the complaint merely asserts "legal conclusions" which "are not entitled to the assumption of truth."  Id. at 679, 129 S.Ct. at 1950.  If the complaint contains factual allegations that are well pled, the second step is

to consider whether the non-conclusory factual allegations "plausibly give rise to an entitlement to relief." *Id.* If so, a motion to dismiss should be denied. *Id.*, at 680, 129 S.Ct. at 1950-51 (citations omitted).

**Allegations of the complaint, doc. 10**[2]

Plaintiff named John Palmer, Warden of the Florida State Prison, H. Williams, supervisor of the law library at Florida State Prison, and D. Walin, another supervisor of the law library at Florida State Prison as Defendants. Doc. 10 at 2. It appears that Plaintiff listed the Florida Department of Corrections as a Defendant on page one of the complaint, *see* doc. 10 at 1, but did not name Michael Crews as a Defendant in the complaint. Nevertheless, Plaintiff filed an addendum in which he stated that Secretary Michael Crews was "being added to this law suit as a defendant." Doc. 4 at 26. Plaintiff requested service on four Defendants, doc. 4 at 35-36, and summons were issued for all four Defendants. *See* doc. 4 at 37-48.

Plaintiff alleged that on October 8, 2013, he sent a civil complaint to the law library for copying but Defendant Williams disapproved the request for copying. Doc. 10 at 3. On November 24, 2014, Plaintiff sent a "motion to correct illegal sentences" to the law library for copying but Defendant Williams disapproved the request for copying. *Id.* On November 26, 2013, a petition for writ of quo warranto was disapproved for copying by Defendant Walin. *Id.* On December 1, 2013, another "motion to correct illegal sentences" was disapproved for copying by Defendant Williams. *Id.* furthermore, on December 8, 2013, a "petition for writ of extraordinary remedies was disapproved for

---

[2] This case was initiated in state court and removed to this Court in June 2014. Doc. 1. The original complaint filed in state court has been entered on the docket in this case for ease of reference as document 10.

copying by Defendant Walin." *Id.* Plaintiff contends that "Rule 501.302(8)(b)(2)(g) relied upon by defendants does not exist." *Id.* (emphasis in original). Plaintiff also argues that Defendant Palmer, the Warden, has been deliberately indifferent to Plaintiff's constitutional rights because he did not "address the allegations made [by Plaintiff] against his assigned supervisors . . . ." *Id.* at 4-5. Plaintiff contends that he "is at a very crucial stage in his legal affairs and the unlawful delays caused by the defendants," violate Plaintiff's First, Fifth, and Fourteenth Amendment rights. *Id.* at 5. Plaintiff claims that his motions and petitions are "of no value without the accompanying evidentiary materials . . . ." *Id.* at 5.

Plaintiff's "addendum" to the complaint alleges that Plaintiff informed Defendant Crews that Defendant Palmer had "unlawfully assigned correctional officers as supervisors over the law library, for the sole purpose of unlawfully censoring inmates legal affairs, to frustrate their legal efforts, and try to prevent their access to the courts with civil suits, and has not made any efforts to correct the problem." Doc. 4 at 26. Plaintiff further asserted that Defendant Williams improperly denied a request for a six-month "banking account" statement on or about January 30, 2014. *Id.* at 26-27. Plaintiff also submitted a second "addendum" in which he claimed that Defendant Walin disapproved another request for copying services for a petition for writ of mandamus on February 6, 2014. *Id.* at 24-25.

**Motion to Dismiss**

Defendants contend that Plaintiff's complaint fails to state a claim under the First, Fifth and Fourteenth Amendments. Doc. 17, at 4-7. In particular, Defendants point out that Plaintiff did not demonstrate "actual injury" as needed to support his claims. *Id.* at 6, 7. To the degree Plaintiff has attempted to allege a state law claim, Plaintiff "presents absolutely no explanation of how he believes his rights under" the Florida Constitution were violated." *Id.* at 8, 9. Defendants Crews and Palmer also argue they are not liable to Plaintiff "based on a *respondeat superior* theory of liability. *Id.* at 9-13. Defendants claim their entitlement to qualified immunity, sovereign immunity, and assert that Plaintiff is not entitled to a declaratory judgment or preliminary injunction. *Id.* at 14-18.

**Plaintiff's Response**

Plaintiff contends that he is not "seeking relief for a denial of access to the courts per se," but instead, claims Defendants have interfered "with his access to the courts by denying copies of accompanying evidentiary materials, disapproving copying services with out probable cause, misusing the criminal and non-criminal section of the copying request form to extort money, unlawfully censuring legal materials, and frustrating legal efforts on deadlines." Doc. 23 at 1-2. Plaintiff contends that, based on two cases from the Seventh and Ninth Circuits, he does "not have to allege an actual injury to recover damages because the deprivation of the constitutional rights is in itself a cognizable injury." *Id.* at 3.

**Analysis**

It is well established that an inmate must establish "actual injury" in order to present an access to the court's claim under the First Amendment. Lewis v. Casey, 518 U.S. 343, 348-49, 116 S.Ct. 2174, 2178-79, 135 L.Ed.2d 606 (1996); *see also* Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006) (stating that "in order to assert a claim arising from the denial of meaningful access to the courts, an inmate must first establish an actual injury. "), *cert. denied*, 551 U.S. 1134, 127 S.Ct. 2996, 168 L.Ed.2d 707 (2007) (citing Lewis, 518 U.S. at 349–50, 116 S.Ct. at 2179). "[P]rison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." Al-Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir. 2008)(quoting Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998)). Under Lewis, an inmate can show actual injury in an access to courts claim only if the conduct complained of impeded the inmate's capability to file a non-frivolous action which either challenged his sentence or the conditions of his confinement. Lewis, 518 U.S. at 355-57, 116 S.Ct. at 2182. It is not enough to "merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic." Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (quoted in Wilson, 163 F.3d at 1291).

Here, Plaintiff's complaint does not allege the requisite actual injury. Plaintiff alleges only that his requests for copies on several occasions were denied. That does not demonstrate that Plaintiff was prevented or impeded from pursuing a non-frivolous claim. Indeed, it is unknown if Plaintiff was able to hand-write another civil complaint or motion to correct an illegal sentence, or petition which would have, presumably, been

sufficient. Because there are no facts upon which to determine that Plaintiff suffered actual injury, his claims for denial of access to the courts must be dismissed.

Plaintiff's complaint asserted claims under the First, Fifth, and Fourteenth Amendments. The First Amendment is incorporated by the Fourteenth Amendment. Both of these claims are insufficient. To the degree Plaintiff also presents this as a Fifth Amendment due process claim, it is also insufficient. Plaintiff has alleged no facts showing that the refusal to provide Plaintiff copies when requested deprived him of life, liberty, or property without due process of law. Plaintiff does not have a free standing right to copying services by prison officials. No federal constitutional violation is evident in Plaintiff's complaint.

One additional comment is warranted as to Plaintiff's assertions in the complaint. Plaintiff alleged he was at a "crucial stage in his legal affairs" and claimed that delays "could very well determine the fate of Plaintiff obtaining freedom from an unlawful incarceration or having to stay more time in prison." Doc. 10 at 5. The denial of copying services allegedly occurred between October and December 1, 2013. Doc. 10 at 3. Judicial notice is taken that Plaintiff had previously litigated his federal § 2254 petition for writ of habeas corpus in 2010. Plaintiff initiated case number 3:08cv747-HWM-JRK in the Middle District of Florida. That case challenged Plaintiff's "2002 state court (Columbia County) conviction for kidnapping and resisting arrest without violence." Doc. 31 at 2. Review of the website for the Florida Department of Corrections reveals Plaintiff has been incarcerated since August 2002 on a December 13, 2001, offense for kidnapping. Plaintiff has no other more recent charges. Plaintiff was sentenced on July 24, 2002, and filed a direct appeal. Doc. 31 at 36. He then litigated a Rule 3.850

motion, appealed the denial of that motion, and then filed his § 2254 habeas petition in 2008. That petition was dismissed on April 21, 2010. Doc. 31. The Eleventh Circuit denied Plaintiff's motion for appealability and denied his in forma pauperis motion as moot in September of 2010. Doc. 34 of that case. Plaintiff has not alleged any facts which show he was at a "crucial stage" in 2013.

Because there has been no violation of federal constitutional rights, the only jurisdictional basis for this case proceeding in federal court, the Court should decline to exercise its supplemental jurisdiction over any remaining state law claim. Such a decision is entirely within the Court's discretion as specified in 28 U.S.C. § 1367(c)(3).[3] Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (encouraging "district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); *see also* Lucero v. Trosch, 121 F.3d 591 (11th Cir. 1997); Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559 (11th Cir. 1994). In this case, the primary claim was the federal claim. Plaintiff's complaint also asserted a violation of the Florida Constitution, ambiguous[4] as it may be, should be "dismissed without prejudice and left for resolution to state tribunals." Gibbs, 383 U.S. at 726, 86 S.Ct. at 1139.

---

[3] The exercise of supplemental jurisdiction, previously called "pendent jurisdiction," is discretionary. United Mine Workers v. Gibbs, 383 U.S. 715, 728, 86 S.Ct. 1130, 1140, 16 L.Ed.2d 218 (1966) (stating that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

[4] Plaintiff made a vague and conclusory allegation that the Defendants' actions also violated his rights under the Florida Constitution, Article One, Sections Nine and Seventeen. Doc. 10 at 5. Those Sections concern due process (Section Nine) and excessive punishments (Section Seventeen). Plaintiff provided no clear facts in support of those claims.

Case No. 4:14cv286-RH/CAS

Because Defendants' motion to dismiss should be granted, Plaintiff's motion for injunctions, docs. 24 and 26, should be denied. In addition, all motions to strike, docs. 30 and 31, filed by the Defendants should similarly be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 10, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), that all other pending motions, docs. 24, 26, 30-31, be **DENIED**, and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 3, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**